IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 08-411-10 |
| ) | |
| VALLON WALLACE ) | |

## OPINION

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Vallon Wallace ("petitioner"). Because petitioner knowingly and voluntarily agreed to waive his right to file a §2255 motion or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver will not work a miscarriage of justice, his §2255 motion will be denied.[1]

### Procedural History

Petitioner was one of 27 defendants charged in a 37-count superseding indictment charging, *inter alia*, a conspiracy to conduct an enterprise through a pattern of racketeering activities. Petitioner was charged only at count two with RICO conspiracy in violation of 18 U.S.C. §1962(d). Following a guilty plea to count two pursuant to a written plea agreement, petitioner was sentenced on July 14, 2011, to a term of imprisonment of 128 months to be followed by a term of supervised release of five years. Petitioner did not take a direct appeal of his conviction or sentence.

---

[1] Pursuant to Rule 8(a) of the Rules Governing §2255 Proceedings, the court finds that no evidentiary hearing on petitioner's motion is required. Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In this case, for the reasons set forth in this opinion, the record affirmatively establishes as a matter of law that petitioner's claim for relief has been waived.

## Petitioner's §2255 Motion

On November 23, 2015, over four years after his sentencing, petitioner filed the pending "motion to correct illegal sentence" in which he alleges that his sentence is "void" because it "is not authorized by 18 U.S.C. §1962(d)," the statute of conviction. Essentially, petitioner argues that his guideline range was enhanced under the United States Sentencing Guidelines due to petitioner's obstruction of justice in a first degree murder case tried in state court, and thus he improperly was punished under the RICO statute for a violation of state law.

The government has filed a response seeking enforcement of the collateral attack waiver provision set forth in the parties' plea agreement.

## Standard of Review

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a).

As a collateral challenge, a motion pursuant to 28 U.S.C. § 2255 is reviewed much less favorably than a direct appeal of the sentence. United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014). Accordingly, relief under § 2255 is available only when "the claimed error of law was 'a fundamental defect which inherently results in a complete miscarriage of justice,' and ... 'present[s] exceptional circumstances where the need for the remedy afforded by the writ ... is apparent.'" Davis v. United States, 417 U.S. 333, 346 (1974)(*quoting* Hill v. United States, 368 U.S. 424, 428 (1962)).

## Discussion

Petitioner entered into a negotiated plea agreement with the United States Attorney for the Western District of Pennsylvania which contained a provision expressly waiving his collateral attack rights. This waiver provision provides:

> "[Petitioner] further waives the right to file a motion to vacate sentence, under 28 U.S.C. §2255, attacking his conviction or sentence, and the right to file any other collateral proceeding attacking his conviction or sentence."

Plea Agreement, ¶A4.

The Court of Appeals for the Third Circuit has recognized that a defendant's waiver of his right to file a §2255 motion or other collateral proceeding attacking his conviction and sentence is enforceable "provided that [it is] entered into knowingly and voluntarily and [its] enforcement does not work a miscarriage of justice." United States v. Mabry, 536 F.3d 231, 237 (3d Cir. 2008). (emphasis added). Applying this standard, the court finds that petitioner's waiver of his collateral attack rights in this case is valid and enforceable.

First, the record establishes that petitioner's waiver of his collateral attack rights was knowing and voluntary. Because petitioner has not alleged that he was misled into waiving his collateral attack rights, the court may determine whether the waiver was knowing and voluntary merely by looking to the written plea agreement itself, as well as the change of plea colloquy. Mabry, 536 F.3d at 238.

Looking initially to the written plea agreement itself, petitioner's collateral attack waiver is set forth explicitly in that agreement, is extremely broad and, unlike the direct appeal waiver contained in that same agreement, which preserved petitioner's right to take a direct appeal under certain enumerated circumstances, contains no exceptions. Plea Agreement, ¶A4.

Moreover, the plea colloquy in this case established that petitioner plainly understood the terms of the agreement waiving his collateral attack rights. Whether a defendant knowingly and voluntarily enters into a plea agreement containing a waiver turns on whether the "the district court inform[ed] the defendant of, and determine[d] that the defendant underst[ood] the terms of any plea agreement provisions waiving the right ... to collaterally attack the sentence as Federal Rule Criminal Procedure 11(b)(1)(N) requires." Mabry, 536 F.3d at 239. Here, the record demonstrates that the court adhered to Fed.R.Crim.P. 11(b)(1)(N)[2] and that petitioner adequately was informed that he was waiving his collateral attack rights and that he understood that he was doing so.

At the plea hearing, petitioner, under oath, acknowledged his signature on the plea letter, confirmed that he had read it and had discussed it with his attorney and affirmed that he had signed it voluntarily. The government then summarized the plea agreement and reviewed all its terms, including the collateral attack waiver provision. Then, as required by Fed.R.Crim.P. 11(b)(1)(N), the court specifically emphasized petitioner's waiver of his collateral attack rights, informing petitioner again that he was waiving his right to file any post-conviction relief motions, and petitioner indicated that he understood that he was waiving those rights.

Thus, the record in this case establishes conclusively that petitioner was informed that by pleading guilty he was giving up his right to file a §2255 motion or any other collateral attack proceeding and that he clearly understood that he was waiving that right. Accordingly, the court is satisfied that petitioner's waiver of his right to file such a motion was made knowingly and voluntarily.

---

[2] Federal Rule of Criminal Procedure 11(b)(1)(N) requires the court, not the government or defense counsel, to address the defendant in a plea hearing and inform him that he is waiving his right to appeal and to collaterally attack his sentence.

Although the court has found that petitioner's waiver of his collateral attack rights was knowing and voluntary, that does not end the inquiry. In determining whether to enforce a waiver, the court must also examine whether enforcement of that waiver, even if knowing and voluntary, would work a miscarriage of justice. Mabry, 536 F.3d at 237. "[A] court has an affirmative duty both to examine the knowing and voluntary nature of the waiver and to assure itself that its enforcement works no miscarriage of justice based on the record evidence before it." Id. at 237-38. This court is to use a common sense approach and "look to the underlying facts to determine whether a miscarriage of justice would be worked by enforcing the waiver." Mabry, 536 F.3d at 243.

Utilizing this approach, this court is satisfied that the enforcement of petitioner's knowing and voluntary waiver of his right to file a §2255 motion would not work a miscarriage of justice in this case. First, as in Mabry, enforcement of the collateral attack waiver here would not bar petitioner from pursuing relief on any grounds expressly preserved in the plea agreement since the collateral attack waiver agreed to by petitioner was broad and contained no exceptions. Plea Agreement, ¶A4. Nor has petitioner alleged that his counsel was ineffective or coercive in negotiating the plea agreement that contained the collateral attack waiver provision. *See* United States v. Wilson, 429 F.3d 455 (3d Cir. 2005)(stating that enforcing a waiver in connection with a coerced plea would work a miscarriage of justice).

Finally, petitioner has not identified "any nonfrivolous ground, not covered by the waiver, for a direct appeal or collateral attack." Mabry, 536 F.2d at 243. Rather, petitioner's argument alleging the improper applications of a guideline enhancement relief clearly is encompassed by the broad waiver of his collateral attack rights and otherwise is "not substantial." Id.

As petitioner has failed to identify "any nonfrivolous ground, not covered by the waiver, for a collateral attack," and the grounds petitioner seeks to raise otherwise are not substantial, Mabry, 536 F.2d at 243, this court cannot find that enforcement of the collateral attack waiver would give rise to a miscarriage of justice.

Accordingly, because petitioner knowingly and voluntarily agreed to waive his right to file a motion to vacate under §2255 or any other collateral proceeding attacking his conviction or sentence, and the enforcement of that waiver will not work a miscarriage of justice, this court concludes that petitioner's waiver of his collateral attack rights is enforceable. Petitioner's §2255 motion therefore will be denied.

### Certificate of Appealability

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is entered a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause).

Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). Where, as here, the court denies relief on procedural grounds, a petitioner is entitled to a certificate of appealability only if he can demonstrate both that jurists of reason would find it debatable whether the petition states a valid claim of a denial of a constitutional right and that jurists of reason would find it debatable whether the court is correct in its procedural ruling. See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000); Bivings v. Wakefield, 316 Fed. Appx. 177, 179 (3d Cir. 2009).

Here, the court is satisfied that no reasonable jurist would argue that petitioner's waiver of his collateral attack rights is not enforceable for the reasons outlined above. Slack, 529 U.S. at 484. Nor is it reasonably debatable that petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court believes that a certificate of appealability should not issue in this case. *See* Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

An appropriate order will follow.

Date: April 11, 2016

Gustave Diamond
United States District Judge

cc:  Charles A. Eberle
Assistant U.S. Attorney

Vallon Wallace (*pro se*)

AO 72
(Rev. 8/82)